■ New York Coalition for Quality Assisted Living, Inc., Respondent, v MFY Legal Services, Inc., et al., Appellants. [895 NYS2d 84]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered September 2, 2009, which denied defendants' motion to dismiss the complaint and declare plaintiff's proposed guidelines for visitor access unenforceable, and granted plaintiff's cross motion for summary judgment declaring its guidelines enforceable and consistent with the controlling statutes and regulations, unanimously reversed, on the law, without costs, plaintiff's cross motion denied, defendants' motion granted, and the proposed guidelines declared unenforceable.

The proposed guidelines conflict with state regulations controlling visitor access to adult-care facilities (Social Services Law § 461-a [3]; 18 NYCRR 485.14). Those regulations and related administrative letters require advocates to state only the purpose of their visit to residents without having to reveal to the operator of a facility the resident they intend to visit. Operators are not expected to accompany a visitor unless specifically requested by the visitor. The regulations make the confidentiality of such meetings a primary concern.

Section C (4) of the proposed guidelines impermissibly restricts access by allowing operators to act as intermediaries between advocates and residents, providing that an operator will notify the resident that a visitor wants to meet, and will confirm whether and where the resident wants this meeting to take place. It also requires advocates to repeat this procedure for each resident they wish to visit. By making operators intermediaries for such visits, the guideline undercuts the confidentiality guaranteed in the controlling regulations.

Similarly, section C (7) of the proposed guidelines improperly limits advocates to visits with specifically identified residents in adult-care facilities. Such a restriction does not exist in the regulations, and ignores the fact that advocates often participate in group activities such as residents' rights training sessions. This contradicts the regulation that operators "shall not restrict or prohibit access to the *facility*" (18 NYCRR 485.14 [a] [emphasis added]).

Finally, section D (4) of the proposed guidelines improperly permits plaintiff's members to restrict access when a visitor "fail[s] to comply with these Guidelines." The regulations allow access to be restricted only when an operator has reasonable cause to believe a visitor would directly endanger the safety of the residents (*see* 18 NYCRR 485.14 [g]). Concur—Tom, J.P., Moskowitz, Renwick, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31953(U).]**